IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| NORWEST VENTURE PARTNERS XIV, LP, | § § § § | No. 459, 2024 |
| Plaintiff Below, Appellant, | § § § § | Court Below—Court of Chancery of the State of Delaware |
| v. | § § | C.A. No. 2024-0411 |
| MICHAEL ANDREACCHI, | § § | |
| Defendant Below, Appellee. | § § § | |

Submitted: November 5, 2024
Decided: December 6, 2024

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## ORDER

After consideration of the notice and supplemental notice of appeal from an interlocutory order and the documents attached thereto, it appears to the Court that:

(1) The appellant, Norwest Venture Partners XIV, LP ("NVP"), has petitioned this Court, under Supreme Court Rule 42, to accept an appeal from the Court of Chancery's October 4, 2024 decision that granted in part and denied in part a motion to dismiss filed by the appellee, Michael Andreacchi.

(2) As alleged in the complaint in the Court of Chancery, Andreacchi was a co-founder of Junk King Franchise Systems, Inc. In 2019, NVP acquired a majority interest in the business. After the transaction, NVP owned a majority of

the equity of Junk King Holdings, LLC ("JK Holdings"), which wholly owned the operating company, Junk King Franchise Systems, LLC ("JKFS"). Andreacchi became the chief executive officer of JKFS. His employment agreement provided that he would receive a change of control bonus and other incentives if the JK Holdings members sold JK Holdings with a sufficiently large return on investment. It also included an arbitration provision.

(3) In September 2022, Dwyer Franchising LLC d/b/a Neighborly ("Neighborly") acquired JK Holdings in a transaction that triggered the change of control provisions, and Andreacchi received a change of control payment. A dispute arose concerning the amount of the bonus, however, and Andreacchi initiated arbitration in California against NVP and two NVP partners, Sonya Brown and Stew Campbell, who were managers of JK Holdings. NVP, Brown, and Campbell then filed a complaint in the Court of Chancery, seeking declaratory relief to the effect that they are not parties to and are not bound by the employment agreement between Andreacchi and JKFS; they are not bound to arbitrate Andreacchi's claims; and Andreacchi's claims against them were instead governed by a Delaware forum-selection provision in the Neighborly merger agreement.

(4) Resolving Andreacchi's motion to dismiss the complaint, the Court of Chancery determined that, although NVP was not a party to the employment agreement, it was bound by the arbitration provision in that agreement under

2

applicable California law.[1]  The court therefore held that Andreacchi's claims alleging breach of contract, breach of the implied covenant of good faith and fair dealing, and fraudulent inducement to enter the employment agreement all had to be arbitrated and dismissed the counts of NVP's complaint relating to those claims. The court held that Andreacchi's claim alleging breach of fiduciary duty in connection with the Neighborly transaction was subject to the Delaware forum-selection clause in the Neighborly merger agreement, not arbitration, and therefore denied the motion to dismiss as to that claim.

(5)     The Court of Chancery denied NVP's application for certification of an interlocutory appeal.  The court determined that the interlocutory order decided a substantial issue of material importance because the issue "whether NVP may be bound by an agreement executed by one of its second-tier subsidiaries[] was determinative as to four of the six counts in this case."[2]  The court concluded, contrary to NVP's argument in the application for certification, that the interlocutory order did not conflict with other trial court decisions,[3] but rather applied applicable

---

[1] *See Norwest Venture Partners XIV, LP v. Andreacchi*, 2024 WL 4665414, at *1 (Del. Ch. Nov. 4, 2024) (denying certification of interlocutory appeal and quoting the section of the interlocutory order at issue).

[2] *Id.* at *2.

[3] DEL. SUPR. CT. R. 42(b)(iii)(B).

California law to the facts of this case.[4]  The court also found that interlocutory review would not serve considerations of justice,[5] rejecting NVP's contention that the order, which applied California law to a California employment agreement, would have far-reaching effects on Delaware veil-piercing principles and increase investors' exposure to litigation against the companies in which they invest.[6]

(6)    We agree that interlocutory review is not warranted in this case. Applications for interlocutory review are addressed to the sound discretion of this Court.[7]  In the exercise of its discretion and giving great weight to the trial court's view, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b). Exceptional circumstances that would merit interlocutory review of the Court of Chancery's decision do not exist in this case,[8] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal[9] relating to "claims brought by a California

---

[4] *Norwest Venture Partners*, 2024 WL 4665414, at *2-4.  The court also concluded that its decision that NVP was bound by the employment agreement did not conflict with Delaware law, although the Delaware-law analysis would differ from the California-law analysis. *Id.* at *4-6.

[5] DEL. SUPR. CT. R. 42(b)(iii)(H).

[6] *Norwest Venture Partners*, 2024 WL 4665414, at *6.

[7] DEL. SUPR. CT. R. 42(d)(v).

[8] *Id.* R. 42(b)(ii).

[9] *Id.* R. 42(b)(iii).

resident against a California-based company under a California employment agreement."[10]

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

---

[10] *Norwest Venture Partners*, 2024 WL 4665414, at *6.